UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARMON TUBING, FITTINGS & WIRE PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CERROWIRE SHOP <br><br> and <br><br> INTER CONNECTS INC., <br><br> Defendants. | Case No.: 1:23-cv-13893 <br><br> **COMPLAINT FOR:** <br><br> **(1) FEDERAL TRADEMARK INFRINGEMENT;** <br><br> **(2) FALSE DESIGNATION OF ORIGIN / FEDERAL UNFAIR COMPETITION; AND** <br><br> **(3) COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** <br><br> **JURY TRIAL REQUESTED** |

Marmon Tubing, Fittings & Wire Products, Inc. ("MTF&WP") for its complaint against Cerrowire Shop and Inter Connects Inc. (collectively, "Defendants") alleges as follows:

### PARTIES

1. MTF&WP is a corporation organized under the laws of the state of Delaware with a place of business at 181 West Madison, Suite 3900, Chicago, Illinois 60602.

2. MTF&WP is the parent of its wholly-owned subsidiary, Cerro Wire LLC, which is a limited liability company organized under the laws of the state of Delaware with a place of business at 1099 Thompson Road SE, Hartselle, Alabama 35640. MTF&WP and its wholly-owned subsidiary Cerro Wire LLC are collectively referred to herein as "Cerro Wire."

3. On information and belief, Defendant Cerrowire Shop ("Cerrowire Shop") is a company with a place of business at 501 Plume Street, Roper, North Carolina 27970.

4. On information and belief, Cerrowire Shop owns and operates the interactive website at https://wireofficial.com/ (the "Website").

5. On information and belief, Inter Connects Inc. ("Inter Connects") is a corporation

1

organized under the laws of the state of Delaware with a place of business at 3511 Silverside Road, #105, Wilmington, Delaware 19810.

6. On information and belief, Inter Connects hosts the Website.

7. On information and belief, Inter Connects' registered agent is Delaware and Yacht Registry, Ltd. with a place of business at 108 West 13th Street, Suite 105, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

8. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*., and under common law of trademark infringement and unfair competition.

9. This Court has subject matter jurisdiction pursuant to at least 15 U.S.C. §§ 1116(a) and 1121, and 28 U.S.C. §§ 1331 and 1338. This Court further has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Defendants because, on information and belief, they have engaged in acts within the State of Illinois causing injury, they have engaged in acts outside of Illinois causing injury within the State, they have distributed, or contributed to the distribution of, products used or consumed within this State in the ordinary course of trade, they have otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction, and/or they have committed or contributed to, and continue to commit or contribute to, acts of infringement at issue in this action in Illinois and in this District. On information and belief, Cerrowire Shop engages in continuous and systematic contact with, and purposefully directs acts complained of herein toward, Illinois and this District, including for example at and through its showroom in Chicago and its sales to consumers in Illinois and this District through the Website which Inter Connects hosts for Cerrowire Shop. Personal jurisdiction

is proper pursuant to Illinois Statutes, 735 ILCS 512-209(a)(1) and (a)(2).

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(l), (b)(2), (c)(2), and (d).

## FACTUAL BACKGROUND

12. Cerro Wire is a leading supplier of electrical wires and cables for residential, commercial, and industrial applications.

13. Cerro Wire's products are available through its authorized distributors, wholesalers, and retailers.

14. Cerro Wire is the owner of valuable common law and registered rights in the trademarks CERRO and CERROWIRE, including U.S. Trademark Registration Nos. 809,128 and 3,344,228, for use with electrical wires and cables (collectively, the "CERRO Trademarks").

15. Cerro Wire has continuously and substantially exclusively used the CERRO Trademarks in connection with electrical wires and cables since at least 1963.

16. Cerro Wire has developed a strong reputation for the quality of goods associated with the CERRO Trademarks.

17. Cerro Wire has invested considerable resources in maintaining and promoting the CERRO Trademarks throughout the United States. As a result of those efforts, the CERRO Trademarks have become associated in the minds of the relevant consuming public with quality products emanating from Cerro Wire.

18. The validity of the CERRO Trademarks, their registrations, and Cerro Wire's exclusive right to use them in commerce are incontestable under 15 U.S.C. §§ 1065 and 1115(b), as the CERRO Trademarks have been in continuous use in commerce for more than five years, and the required affidavits have been filed with the United States Patent and Trademark Office.

Copies of the registration certificates for the CERRO Trademarks are attached at Exhibits A and B.

19. On information and belief, Cerrowire Shop promotes and sells electrical wires and cables throughout the United States, including in Illinois, through the Website.

20. On information and belief, Cerrowire Shop operates a showroom in Chicago, Illinois (*see* https://www.wireofficial.com/shipping-returns/).

21. Without authorization, Cerrowire Shop uses the CERRO Trademarks in connection with its business of selling electrical wires and cables. For example, Cerrowire Shop uses the CERRO Trademarks as part of its company name without authorization. As another example, Cerrowire Shop uses the CERRO Trademarks, without authorization, to promote products on the Website as shown in the screenshot below:



22. On information and belief, Inter Connects hosts the Website and it directly controls and monitors the Website.

23. Prior to filing this action, Cerro Wire requested that Defendants cease and desist

4

from using the CERRO Trademarks and that they disable and take down the Website. Cerro Wire sent letters to both Defendants and, thus, they both had actual knowledge of the infringements and the infringing activity on the Website. Defendants ignored those letters and requests.

24. Cerro Wire is suffering irreparable harm to its business and customer goodwill each day that Defendants wrongfully suggest an association between it and Cerro Wire.

25. Dissatisfied customers of Defendants will incorrectly attribute that dissatisfaction to Cerro Wire.

26. To allow Defendants to continue to confuse the public as to their affiliation with Cerro Wire places the reputation, goodwill, and integrity of the CERRO Trademarks in jeopardy.

27. Defendants' continuing and deliberate use of the CERRO Trademarks is likely to cause confusion, mistake, and deception among the relevant consumer public as to the source of its products and services, and subjects Cerro Wire's rights in the CERRO Trademarks to irreparable injury. Cerro Wire has no adequate remedy at law to fully rectify the infringement, and thus an injunction is needed to stop Defendants from unlawfully and wrongfully infringing upon the CERRO Trademarks.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

28. Cerro Wire hereby incorporates by reference paragraphs 9-27 above as if fully set forth herein.

29. Cerro Wire registered the CERRO Trademarks with the United States Patent and Trademark Office as U.S. Trademark Registration Nos. 809,128 and 3,344,228.

30. Since registering the CERRO Trademarks, Cerro Wire has extensively and substantially exclusively used and advertised the CERRO Trademarks in connection with its products.

31. Defendants have no right to use the CERRO Trademarks.

32. Defendants have actual knowledge of the CERRO Trademarks and Defendants' infringing activities at least because, prior to filing this action, Cerro sent letters to both Defendants requesting that they cease and desist from using the CERRO Trademarks and that they disable and take down the Website.

33. Notwithstanding demands by Cerro Wire for Defendants to cease use of the CERRO Trademarks and to disable and take down the Website, Defendants continue to use the CERRO Trademarks and they continue to host and operate the Website.

34. Defendants' unauthorized use and display of the CERRO Trademarks, including on the Website, constitutes willful and intentional infringement of the trademarks in violation of the Lanham Act, 15 U.S.C. § 1114. Cerrowire Shop directly infringes the CERRO Trademarks by using the marks without authorization, and Inter Connects contributorily infringes the CERRO Trademarks by materially encouraging, enabling, and contributing to Cerrowire Shop's infringing conduct at least by hosting the Website.

35. Defendants' acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

36. Defendants' use in commerce of the CERRO Trademarks and colorable imitations thereof without the consent of Cerro Wire is likely to confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of Defendants are licensed, affiliated with, sponsored, authorized, or otherwise approved by Cerro Wire.

37. Cerro Wire has suffered and is continuing to suffer irreparable injury and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

38. Cerro Wire has no adequate remedy at law to protect its substantial business and

property rights. The harm from Defendants' activities is considerable and continuing and thus not capable of ascertainment at this time.

39. Cerro Wire is entitled to injunctive relief preventing Defendants from further infringement of the CERRO Trademarks, plus costs, disbursements, interest and attorneys' fees.

### COUNT II: FALSE DESIGNATION OF ORIGIN / FEDERAL UNFAIR COMPETITION

40. Cerro Wire hereby incorporates by reference paragraphs 9-27 above as if fully set forth herein.

41. Defendant Cerrowire Shop has infringed Cerro Wire's rights by using the CERRO Trademarks without authority. Defendant Cerrowire Shop is using the CERRO Trademarks as part of its company name and in the operation of its business of selling electrical wire and cable to customers nationwide, including in Illinois.

42. Due to Defendant Cerrowire Shop's infringements and conduct, consumers are likely to be confused and induced into patronizing Cerrowire Shop's business in the belief that the goods are delivered by an authorized retailer of Cerro Wire. Customers have been or are likely to be confused as to the sponsorship of the goods and services sold by Cerrowire Shop.

43. Defendant Cerrowire Shop's actions constitute unfair competition in violation of 15 U.S.C. § 1125(a).

44. Defendants Cerrowire Shop's acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

45. Cerro Wire has suffered and is continuing to suffer irreparable injury and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

46. Cerro Wire has no adequate remedy at law to protect its substantial business and property rights. The harm from Defendant Cerrowire Shop's activities is considerable and

continuing and thus not fully capable of ascertainment at this time.

47. Cerro Wire is entitled to injunctive relief preventing Defendant Cerrowire Shop's unfair competition, plus costs, disbursements, interest and attorneys' fees.

**COUNT III: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

48. Cerro Wire hereby incorporates by reference paragraphs 9-27 above as if fully set forth herein.

49. As a result of Cerro Wire's continuous promotion and sales of products and services bearing the CERRO Trademarks for many decades nationwide, Cerro Wire has common law trademark rights in the CERRO Trademarks nationwide, including in Illinois.

50. Defendants, with knowledge and intentional disregard of Cerro Wire's rights and with the intent to cause confusion or mistake or to deceive, continue to advertise, promote, and sell products and services using the CERRO Trademarks and they continue to host and operate the Website.

51. Defendants' acts have caused, continue to cause, and/or are likely to cause confusion as to the source and/or sponsorship of their products and services and Cerro Wire's products and services.

52. Defendants' acts alleged above infringe Cerro Wire's trademark rights in violation of the common law and also constitute unfair competition under the common law. Cerrowire Shop directly infringes the CERRO Trademarks by using the marks without authorization, and Inter Connects contributorily infringes the CERRO Trademarks by materially encouraging, enabling, and contributing to Cerrowire Shop's infringing conduct at least by hosting the Website.

53. As a direct and proximate result of Defendants' wrongful acts alleged above, Cerro Wire has suffered, continues to suffer, and/or is likely to suffer damage to its trademarks, business

reputation, and goodwill that money cannot compensate. Unless enjoined, Defendants will continue to use the CERRO Trademarks and host and operate the Website, and will cause irreparable damage to Cerro Wire for which Cerro Wire has no adequate remedy at law. Thus, Cerro Wire is entitled to an injunction restraining Defendants and, as applicable, Defendants' officers, members, agents, servants, and employees, and all persons acting in concert with them, from using the CERRO Trademarks and hosting and operating the Website.

54. Defendants' use of the CERRO Trademarks and their hosting and operation of the Website have been intentional and willful. Defendants' bad faith, and Defendants' intent to cause confusion or mistake or to deceive, is evidenced at least by Defendants' continued use of the CERRO Trademarks and continued hosting and operation of the Website after being on notice of Cerro Wire's claims.

## DEMAND FOR JURY TRIAL

Cerro Wire demands a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Cerro Wire prays for judgment against Defendants as follows:

A. A judgment and order that (1) Cerrowire Shop has willfully and with the intent to cause confusion or mistake or to deceive infringed the CERRO Trademarks in violation of 15 U.S.C. §1114; (2) Inter Connects has willfully and with the intent to cause confusion or mistake or to deceive contributorily infringed the CERRO Trademarks in violation of 15 U.S.C. §1114; (3) Cerrowire Shop used false designations of origin in violation of 15 U.S.C § 1125(a); (4) Cerrowire Shop infringed Cerro Wire's common law rights in the CERRO Trademarks and engaged in unfair competition under the common law; and (5) Inter Connects contributorily infringed Cerro Wire's common law rights in the CERRO Trademarks and engaged in unfair competition under the

common law.

B. A judgment and order permanently enjoining Defendants, and Defendants' affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with Defendants, from:

1. Manufacturing, transporting, promoting, advertising, publicizing, distributing, offering for sale, or selling any products or services under the CERRO Trademarks and any colorable imitations thereof, and/or any other marks, names, symbols, or logos which are likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any products or services that Defendants cause to enter the stream of commerce or any of Defendants' commercial activities are sponsored or licensed by Cerro Wire, are authorized by Cerro Wire, or are connected or affiliated in some way with Cerro Wire or the CERRO Trademarks;

2. Manufacturing, transporting, promoting, advertising, publicizing, distributing, offering for sale, or selling any products or services under the CERRO Trademarks, colorable imitations thereof, and/or confusingly similar marks;

3. Implying Cerro Wire's approval, endorsement, or sponsorship of, or affiliation or connection with, Defendants' products, services, or commercial activities, passing off Defendants' businesses as that of Cerro Wire, or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Cerro Wire and from otherwise interfering with or injuring the CERRO Trademarks or the goodwill associated therewith;

4. Hosting and/or operating the Website or any other website that reproduces the CERRO Trademarks; and

    4.  Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs B(1) to (4) above.

  C.  A judgment and order, pursuant to 15 U.S.C. § 1116, requiring Defendants to file with the Court and serve on Cerro Wire within 14 days after service on it of an Order of injunction, a written report, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

  D.  A judgment and order directing Defendants to disable and take down the Website.

  D.  A judgment and order authorizing Cerro Wire to take action to effectuate compliance with the injunction, at Defendants' sole cost and expense, in the event Defendants fail to comply.

  E.  A judgment and order that Cerro Wire is the exclusive owners of the CERRO Trademarks and that such marks are valid and protectable.

  F.  An award for Cerro Wire and against Defendants for damages suffered as a result of Defendants' trademark infringement and other unlawful conduct set forth herein, in an amount to be proven at trial, but in no event less than $75,000.

  G.  An award for Cerro Wire and against Defendants for Defendants' profits resulting from Defendants' violations of the Lanham Act, pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117.

  H.  An award for Cerro Wire and against Defendants for treble damages and prejudgment interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117.

  I.  An award for Cerro Wire and against Defendants for Cerro Wire's costs, disbursements, and attorneys' fees incurred in this action, as allowed by the Lanham Act.

J.        An award of punitive damages for the willful and wanton nature of Defendants' aforesaid acts under the common law.

K.        An award granting pre-judgment interest on any recovery by Cerro Wire.

L.        Such other and further relief as this Court deems just and proper.

Dated: September 19, 2023

Respectfully submitted,

/s/ Michael J. Harris
Christopher J. Renk
Michael J. Harris
ARNOLD & PORTER
KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602-4231
Telephone: 312-583-2300
Facsimile: 312-583-2360
Email: Chris.Renk@arnoldporter.com
       Michael.Harris@arnoldporter.com

*Attorneys for Plaintiff, Marmon Tubing, Fittings & Wire Products, Inc.*